Ronald P. LOBAS, Plaintiff,

v.

**W. E. WALKER COMPANY and Leroy Waldrop, Defendants.**

Civ. A. No. 13383.

United States District Court, N. D. Georgia, Atlanta Division.

Jan. 29, 1971.

P. L. Wayman, Atlanta, Ga., for plaintiff.

Thomas Marvin Smith, Jr., Atlanta, Ga., for defendants.

MOYE, District Judge.

## OPINION

This is a diversity of citizenship case in which the plaintiff, Ronald P. Lobas, seeks damages for injury to person and property arising out of a collision between his automobile and a tractor-trailer truck belonging to defendant W. E. Walker Company, and driven by its employee, co-defendant Leroy Waldrop. The collision occurred on October 22, 1969, at about 9:00 p. m., on Interstate Public Highway No. 285 at a point North and East of the city limits of Atlanta, Georgia. Defendant W. E. Walker Company has counterclaimed for

damages to its tractor-trailer vehicle arising out of said collision.

The uncontradicted evidence shows that both vehicles were proceeding in the same direction, that is, East on Highway I–285 at around 9 p. m., on October 22, 1969, the defendant's vehicle being in the right-hand lane of the dual-lane highway immediately prior to the collision. It was stipulated prior to trial that the damages to plaintiff's vehicle amounted to $1,811.84, of which $1,761.84 should be awarded directly to intervenor, Motors Insurance Corporation, plaintiff's insurer, in the event of plaintiff's recovery. It was also stipulated that the damages to the defendant's tractor-trailer vehicle arising out of such collision amounted to $3,241.38.

## FINDINGS OF FACT

1. The collision between the two vehicles occurred as both vehicles were proceeding East on Interstate 285 on October 22, 1969, at about 9:00 p. m., at which time plaintiff's vehicle was overtaking the defendant's vehicle.

2. The collision causing plaintiff's damages and injuries involved three separate contacts between the plaintiff's vehicle and that of the defendants, the first contact occurring at about the left-hand door area of defendant's tractor, the other two contacts occurring successively to the rear on the trailer vehicle, and all involving the right-hand door area of plaintiff's vehicle.

3. These contacts caused some damage to plaintiff's vehicle, in the amount stipulated above, and some personal injuries to plaintiff.

4. At the time of the collision, as described above, plaintiff was driving under the influence of alcohol. By his own admission plaintiff immediately prior thereto had consumed four or five alcoholic drinks, and there was testimony by the investigating police officer, then of the DeKalb County Police Department, that plaintiff's eyes were "glassy", which testimony the Court credits.

5. The Court does not credit plaintiff's version of the accident to the effect that the collision involved only contact between the right-hand door area of plaintiff's vehicle and the left rear wheel area of defendant's trailer vehicle while the latter was in the left-hand lane. In any such event, plaintiff would have been able to observe the position of defendant's trailer before, and thereby avoid, collision.

6. The Court finds that the injuries to plaintiff and the damages to his car were the direct and proximate result of his driving his automobile while in an intoxicated condition.

7. Defendant Waldrop testified that he observed the collision contacts made by plaintiff's automobile with the vehicle which he was driving and that he was afraid that the plaintiff's vehicle would drive up under his tractor-trailer vehicle causing possibly severe personal injuries; that he accelerated his vehicle in an attempt to get away from plaintiff, but determined that he could not and then voluntarily drove off the paved portion of the highway in an effort to avoid further contacts with the plaintiff's vehicle. The tractor-trailer unit which he was driving overturned, the amount of the damages to it being as stipulated above, as the direct result of defendant's driver voluntarily driving such vehicle off the highway.

8. There is a question in the Court's mind as to whether the deliberate driving of the tractor-trailer truck off the highway was necessary in view of the fact that the last of three contacts between the plaintiff's vehicle and the defendant's tractor-trailer occurred in the area of the left rear wheel axle of the lengthy tractor-trailer vehicle. Consequently, the Court finds as a fact that the damage to the tractor-trailer vehicle was due to the joint and concurring negligence of the plaintiff (60%) and the defendant driver (40%).

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the subject matter and of the parties.

2. The plaintiff's injuries and the damages to the plaintiff's property were the proximate result of the plaintiff's own negligence in driving while in an intoxicated condition, which negligence was the sole cause of the collision which injured the plaintiff and damaged his property, and plaintiff is not entitled to recover any sum from defendants.

3. The damages to the tractor-trailer unit of defendant W. E. Walker Company were caused by the joint and concurrent negligence of plaintiff and Leroy Waldrop, whose negligence is imputed to defendant W. E. Walker Company, in the proportions sixty (60) percent plaintiff; forty (40) percent defendant; and defendant W. E. Walker Company is entitled to recover from the plaintiff Ronald E. Lobas the sum of $1,944.83 and all costs of this action.

Let a judgment be entered accordingly.